# EXHIBIT J

# United States Department of Labor
## Wage and Hour Division
## Wage and Hour Division (WHD)

**FLSA2006-18**

**June 1, 2006**

Dear **Name***,

This is in response to your request for an opinion regarding whether employees of the **Name*** (Club) may be considered volunteers when engaged in certain activities for the Club. It is our opinion that employees of the Club may volunteer to chaperone cultural and sporting field trips or bingo games, provided the services are not the same type of service the employee is employed to perform and take place outside of the employee's normal working hours.

The Club provides programming services to children of all backgrounds, especially at-risk youth, to help build confidence, develop character, and acquire the skills to become productive, civic-minded, responsible adults. The Club provides programs and activities in a variety of subject areas, including the arts, education and career development, character and leadership development, health and life skills, and sports and recreation. On occasion, the Club receives donated tickets to cultural or sporting events that it passes along as a field trip opportunity to the children it serves. The Club's employees would like to volunteer to chaperone these field trips.

Additionally, one of the Club's branches in another state would like to conduct bingo games as fundraisers and the employees would like to volunteer to run the bingo games. Under state law, the bingo games must be staffed by volunteers. You have asked us to assume that the employees are otherwise covered by the Fair Labor Standards Act (FLSA) and you would like to know whether the employees can be considered bona fide volunteers under the Act.

Subject to certain exemptions not applicable here, under the FLSA an employer must compensate its employees at a rate at least equal to the minimum wage for every hour worked, with time and a half for every hour worked over 40 in a workweek. FLSA §§ 6(a) and 7(a) (copies enclosed). The Supreme Court, however, has made it clear that the FLSA was not intended "to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on the premises of another." Walling v. Portland Terminal Co., 330 U.S. 148, 152 (1947); see also Tony and Susan Alamo Foundation v. Secretary of Labor, 471 U.S. 290, 300 (1985). The FLSA recognizes the generosity and public benefits of volunteering and allows individuals to freely volunteer time to religious, charitable, civic, humanitarian, or similar non-profit organizations as a public service. Such a person will ordinarily not be considered an employee for FLSA purposes if the individual volunteers for such organizations without contemplation or receipt of compensation. Field Operations Handbook § 10b03(c); see also 29 C.F.R. § 553.101 (copies enclosed). Additionally, the volunteer services must be given freely without coercion or undue pressure. Id.

Due to the possibility of coercion to perform unpaid services, paid employees may not volunteer to perform the same type of services for their employer that they are normally employed to perform. Wage and Hour Opinion Letters July 31, 2001 and December 27, 1972 (copies enclosed). As indicated in 29 C.F.R. § 785.44 (copy enclosed), "[t]ime spent in work for public or charitable purposes at the employer's request, or under his direction or control, or while the employee is required to be on premises, is working time. However, time spent voluntarily in such activities outside of the employee's normal working hours is not hours worked," so long as the

volunteer activities are not the same or similar to the activities the employee is employed to perform. See also Field Operations Handbook §§ 10b03(c) and (d); Wage and Hour Opinion Letter September 16, 2005 (copies enclosed).

It is our opinion that employees of the Club may volunteer to chaperone the cultural and sporting field trips, provided the chaperoning services are not the same type of service the employee is employed to perform and take place outside of the employee's normal working hours. 29 C.F.R. § 785.44; see also 29 C.F.R. § 553.103 (copy enclosed). The employee must also be a bona fide volunteer who performs the services for civic, charitable, or humanitarian reasons without coercion or undue pressure. If the employee's regular duties involve duties similar to chaperoning, however, then the employee may not volunteer. See Wage and Hour Opinion Letter June 20, 1983 (copy enclosed). For example, a secretary may volunteer to chaperone a trip, but a counselor whose regular duties involve supervising the children may not volunteer to chaperone a trip. Whether the volunteer services are the same or similar to those the volunteer is employed to perform must be determined based on the duties performed by each volunteer/employee. Because the volunteers cannot perform the chaperoning services without the benefit of a ticket to the event they are chaperoning, it is not a violation of the volunteer rules to give volunteers a ticket to the cultural or sporting event they are chaperoning because such a ticket does not appear to be in the nature of compensation. See Wage and Hour Opinion Letters January 27, 2006 and August 10, 1978 (copies enclosed).

The same analysis applies to the employees who volunteer to run the bingo fundraiser. The volunteer work must be performed outside of the employee's normal working hours and the work cannot be similar to the employee's regular duties. The requirements under the FLSA for bona fide volunteers are not affected by the state's requirement that only volunteers run charitable bingo games.

This opinion is based exclusively on the facts and circumstances described in your request and is given based on your representation, express or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your letter might require a conclusion different from the one expressed herein. You have represented that this opinion is not sought by a party to pending private litigation concerning the issue addressed herein. You have also represented that this opinion is not sought in connection with an investigation or litigation between a client or firm and the Wage and Hour Division or the Department of Labor.

We trust that the above is responsive to your inquiry.

Sincerely,

Alfred B. Robinson, Jr.
Acting Administrator

Enclosures:
FLSA §§ 3(e)(4), 6(a), and 7(a)
29 C.F.R. § 553.101 and .103
29 C.F.R. § 785.44
FOH § 10(b)03(c) and (d)
WH Opinion Letters December 27, 1972, August 10, 1978, June 20, 1983, July 31, 2001, September 16, 2005 and January 27, 2006

* Note: The actual name(s) was removed to preserve privacy in accordance with 5 U.S.C. § 552(b)(7)