UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN G. KRUSE, ET AL.,

       Plaintiffs,                          No. 16-10304

v.                                         District Judge Arthur J. Tarnow
                                                Magistrate Judge R. Steven Whalen

REGINA CAELI, INC., ET AL.,

       Defendants.
_____/

**ORDER**

      Defendants have filed a motion to quash subpoena and for protective order [Doc. #17], in which they seek to quash Plaintiffs' subpoena to Choice Payroll, Inc., Defendants' payroll firm, requesting "[a]ll records (including electronic mail) relating to any instructions provided to you by Regina Caeli, Inc. ("RCA") concerning payroll deductions for any RCA employee; accounting for RCA tuition discounts and accounting for RCA volunteer hours; all records related to former RCA employee Marie Kruse; all records related to RCA employee Kari Beckman." The motion will be GRANTED IN PART AND DENIED IN PART.

      Fed.R.Civ.P. 45 (d)(3)(A)(iv) provides that the court must quash or modify a subpoena that "subjects a person to undue burden." Rule 45(d)(3)(B) permits the court to quash or modify a subpoena that requires disclosing confidential commercial information in order to protect a person subject to or affected by the subpoena. Whether a burden is "undue" requires weighing "the likely relevance of the requested material...against the burden...of producing the material." *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th

-1-

Cir. 1994).

In a previous order granting in part and denying in part Plaintiffs' motion to compel discovery [Doc. #68], I found that Kari Beckman's salary and benefit information, as well as that of McDonough and Ahern, was discoverable from the Defendants.[1] The motion to quash will therefore be DENIED as to the payroll records of these individuals. However, the requests for records of *any* RCA employee, or of "instructions" that RCA gave to its payroll company, are beyond the scope of what may be considered relevant to Plaintiffs' specific claims, and the Defendants' motion will be GRANTED to the extent that the subpoena will be modified, to exclude any information other than the payroll records of Beckman, McDonough, Ahern, and Plaintiff Marie Kruse.[2]

IT IS SO ORDERED.

                                          s/R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Dated: July 5, 2016

---

[1] In their motion, at p. 6, Defendants state "that they do not object to the production of Plaintiff Marie Kruse's payroll records from Choice Payroll, Inc."

[2] Plaintiffs' hyperbolic assertion that "RCA is run as a slush fund for Mr. and Mrs. Beckman and their friends" does not appear relevant to the claims raised in the amended complaint.

## CERTIFICATE OF SERVICE

      I hereby certify on July 5, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants July 5, 2016.

                                              s/Carolyn M. Ciesla
                                              Case Manager for the
                                              Honorable R. Steven Whalen