UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN G. KRUSE, ET AL.,

    Plaintiffs,                              No. 16-10304

v.                                        District Judge Arthur J. Tarnow
                                                 Magistrate Judge R. Steven Whalen

REGINA CAELI, INC., ET AL.,

    Defendants.
_____/

**ORDER**

On March 8, 2016, Plaintiffs served a document subpoena on Defendants' accountants, Carmichael, Brasher, Tuvell & Co. ("CBT"). Before the Court is Defendants' motion to quash that subpoena [Doc. #18].

The subpoena to CBT requests the production of "[a]ll documents reviewed by you in connection with your preparation of Regina Caeli, Inc.'s Form 990 tax returns for the years 2012-2015." Defendants object to this production based on (a) Georgia's accountant-client privilege, and (b) the lack of relevance. Because the subpoena must be modified as overbroad, and seeks information not relevant to Plaintiffs' claims, it is not necessary to discuss the impact of the state law accountant-client privilege.[1]

---

[1] However, I have previously found in *BR North 223 LLC v. Glieberman*, 2013 WL 6482455, *3 (E.D. Mich. 2013), that Fed.R.Ev. 501 does not incorporate a state law privilege such as the accountant-client privilege:

> "[F]ederal, not state law applies in this post-judgment proceeding, and Fed.R.Ev. 501 does not incorporate statutorily-created state law privileges such as the accountant-client privilege. *See In re Subpoena to Testify Before Grand Jury*, 787 F.Supp. 722, 723 (E.D. Mich. 1992) (rejecting claim of accountant-client privilege, holding that "Fed.R.Ev. 501 does not incorporate state statute-created privileges, but only those that exist in the

Fed.R.Civ.P. 45 (d)(3)(A)(iv) provides that the court must quash or modify a subpoena that "subjects a person to undue burden." Rule 45(d)(3)(B) permits the court to quash or modify a subpoena that requires disclosing confidential commercial information in order to protect a person subject to or affected by the subpoena. Whether a burden is "undue" requires weighing "the likely relevance of the requested material...against the burden...of producing the material." *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994).

Plaintiffs contend that the requested information is relevant to their claim under the Fair Labor Standards Act, based on allegations in the complaint that Marie Kruse was made to work without compensation, and that Regina Caeli, Inc. ("RCA") failed to properly withhold payroll taxes. While these allegations would make Ms. Kruse's payroll information relevant, the omnibus request in the subpoena for *all* records that the accountants reviewed in preparing RCA's tax returns is exceedingly broad, and goes well beyond permissible discovery, even within the broad scope of Rule 26(b)(1).

Moreover, in a previous order granting in part and denying in part Defendants' motion to quash a subpoena to RCA's payroll company [Doc. #70], I stated:

> "In a previous order granting in part and denying in part Plaintiffs' motion to compel discovery [Doc. #68], I found that Kari Beckman's salary and benefit information, as well as that of McDonough and Ahern, was discoverable from the Defendants. The motion to quash will therefore be DENIED as to the payroll records of these individuals. However, the requests for records of *any* RCA employee, or of "instructions" that RCA gave to its payroll company, are beyond the scope of what may be considered relevant to Plaintiffs' specific claims, and the Defendants' motion will be GRANTED to the extent that the subpoena will be modified, to exclude any information other than the payroll records of Beckman,

---

common law."); *see also Miranda v. Consolidated Rail Corp.*, 571 F.Supp. 1255, 1257 (E.D. Mich. 1983) (relying on *Wm. T. Thompson Co. v. General Nutrition Corp.* 671 F.2d 100 (3rd Cir. 1982), which rejected the application of Pennsylvania's accountant-client privilege)."

McDonough, Ahern, and Plaintiff Marie Kruse." (Footnotes omitted).

The same reasoning applies to the subpoena to CBT. Defendants' motion to quash [Doc. #18] is GRANTED to the extent that the subpoena to CBT is modified to exclude any information other than the payroll and tax records relating to Beckman, McDonough, Ahern, and Plaintiff Marie Kruse.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 6, 2016

CERTIFICATE OF SERVICE

I hereby certify on July 6, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants July 6, 2016.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen